**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**TWENTY–FIVE 8MM FILMS,**
**etc., Defendants,**

**and**

**William D. Schmidt,**
**Defendant-Appellant.**

**No. 79–3249.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 1981.

Decided Sept. 8, 1981.

---

William D. Schmidt, in pro. per.

Andrea Sheridan Ordin, Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN and ANDERSON, Circuit Judges, and GILLIAM *, District Judge.

PER CURIAM.

The only substantial issue in this appeal from a forfeiture of obscene merchandise is whether the government caused a fatal delay to occur in the forfeiture proceedings. In *United States v. Thirty-Seven Photographs*, 402 U.S. 363, 373–4, 91 S.Ct. 1400, 1406–07, 28 L.Ed.2d 822 (1971), the Supreme Court construed 19 U.S.C. § 1305(a) "to require intervals of no more than 14 days from seizure of the goods to the institution of judicial proceedings for their forfeiture and no longer than 60 days from the filing of the action to final decision in the district court...." This forfeiture consumed 75 days.

Fourteen days were lost because Schmidt filed a pro se claim for the seized property with the district court, but did not know that he had to serve a copy of his claim on the government. Accordingly, the government did not learn of Schmidt's claim until it moved for a default judgment. The district court concluded before trial that Schmidt's failure to serve the government delayed the forfeiture proceedings by fourteen days. At trial, three days were lost because of a holiday recess and because a juror became ill. When the court reconvened to receive the verdict, 75 days had elapsed between the time the government seized the property and the time the judgment of forfeiture was entered.

We are satisfied that Congress did not intend to frustrate forfeitures made under 19 U.S.C. § 1305(a) by reason of the passage of time if the delay was not caused by any fault of the government. *United States v. 2,200 Paper Back Books*, 565 F.2d 566, 573 (9th Cir. 1977). The fourteen days lost by the failure of the claimant to serve papers cannot be charged against the government. This leaves the government one day over the *Thirty-seven Photographs* 60-day limit. The three-day delay caused by juror illness and the holiday recess, however, would not have affected the *Thirty-seven Photographs* time limit but for Schmidt's failure to serve the government. Under these circumstances, the forfeiture proceedings were concluded within the *Thirty-Seven Photographs* time limit.

The judgment is affirmed.